UNITED STATES OF AMERICA
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE APPLICATION OF
TATIANA AKHMEDOVA,
    Applicant,

REQUEST FOR DISCOVERY
PURSUANT TO 28 U.S.C. § 1782

Case No. 8:20-mc-65-60SPF

_____/

## ORDER

Pursuant to 28 U.S.C. § 1782, Tatiana Akhmedova ("Akhmedova") has filed an application for entry of an order authorizing the service of a subpoena for a deposition and for production of documents on Humaid Abdulla Mohammed al Masaood al Muhairbi ("Al Masaood"), an individual domiciled in Tampa, Florida (Doc. 1). In her application, Akhmedova asserts that Al Masaood may have information and possess documents concerning pending foreign litigation in Dubai. Prior to the filing of the Dubai litigation, Akhmedova obtained two English money judgments in her favor rendered by the Family Division of the High Court of Justice in London (the "English Court") against her ex-husband Farkhad Akhmedov ("Farkhad,"). Akhmedova alleges Farkhad is attempting to avoid his liabilities by transferring his asserts to a new jurisdiction making enforcement of the English judgments more difficult. She further asserts that Farkhad is in contempt of court for failing to satisfy any portion of the awards and for breaching terms of a Freezing Order entered by an English Court to prevent Farkhad from dealing with his assets.

Akhmedova asserts the documents requested by the subpoena are essential to showing that Farkhad sought to fraudulently establish residence in the United Arab Emirates ("UAE") as part of a scheme to hide assets from her and to evade enforcement of the English judgments against him.

At the time Akhmedona filed her application, two separate Dubai actions were pending. In the first foreign proceeding, brought by Akhmedova in the Dubai Cassation (Appeal) Court against Farkhad and the Straight Establishment (an entity that Akhmedova alleges an English Court found is an alter ego of Farkhad), Akhmedova sought to recognize and enforce an English money judgment. The second foreign proceeding, brought by Farkhad, is pending in the Dubai court of personal status. Akhmedova asserts that Farkhad seeks to establish a divorce and division of marital assets under Sharia law in an effort to deny the distribution of estate proceeds to her previously ordered by the English court presiding over the parties' divorce proceedings.

Under 28 U.S.C. § 1782, a district court may grant a request for the production of evidence for use in a foreign proceeding if the following four requirements are met:

> (1) the request must be made by a foreign or international tribunal, or by any interested person; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (quoting 28 U.S.C. § 1782(a)).

In considering the application, the Court finds that Akhmedova has met each of the statutory factors.  The first statutory factor the Court must consider is whether the request for discovery is made by a foreign or international tribunal, or by any interested person.  *See* 28 U.S.C. § 1782. While Akhmedova is not a foreign or international tribunal, Akhmedova is clearly an interested party.  An interested party is a person who "possess[es] a reasonable interest in obtaining [judicial] assistance." *Intel Corp.*, 542 U.S. at 256.  As a litigant in Dubai and as a person affected by Farkhad's alleged efforts to establish a divorce and division of marital assets under Sharia law in order to deny the distribution of estate proceeds previously ordered by an English court, Akhmedova satisfies this requirement.

The second statutory factor the Court must consider is whether the request is seeking evidence.  *Id.*  Akhmedova's subpoena requests Al Masaood to produce documents in his possession or control concerning efforts made by himself personally or using Humasen Energy to obtain a UAE residency visa for Farkhad from 2014 to present.  *See* Doc. 1-17.  This satisfies the second factor requiring the request to seek evidence.

The third statutory factor the Court must consider is whether the evidence is for use in a proceeding in a foreign or international tribunal.  *Id.*  In her application, Akhmedova asserted that "a decision by the Dubai Court of Cassation is expected on August 13, 2020" (Doc. 1-16, p.10).  However, a separate proceeding is pending in

Dubai's court of personal status in which Farkhad seeks to establish that he and Akhedova entered into a Sharai marriage contract at the time of their marriage in 1993. Akhedova asserts she is "in need of the requested discovery to determine the action taken by Farkhad and those on his behalf to fraudulently establish the residential requirements necessary for proceeding in Dubai under Sharia law" (Doc. 1-16, p. 14). Thus, the Court finds Akhmedova has satisfied the third statutory factor.

The final statutory factor is whether the person from whom discovery is sought resides or is found in the district of the district court ruling on the application for assistance. *Intel, supra.* Al Masaood resides in the Middle District of Florida. Akhmedova seeks a deposition of and production of documents from Al Masaood by service of process at his residence located at 51 Martinique Avenue, Tampa, Florida. Therefore, the final statutory factor is satisfied.

In addition to these four statutory requirements of § 1782, the *Intel* court identified discretionary factors the Court must also consider in deciding whether to permit discovery. *See In re Clerici*, 481 F.3d at 1334 (citing *Intel Corp. v. Advance Micro Devices, Inc.*, 542 U.S. 241, 264 (2004)). These factors include:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, because the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;

4

> (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is otherwise unduly intrusive or burdensome.

*Id.* (quoting *Intel Corp.*, 542 U.S. at 264-65) (internal quotations omitted).

In considering the discretionary factors, the Court finds these factors also weigh in Akhmedova's favor. For example, when considering whether discovery is sought from a participant or nonparticipant, the Court finds Al Masaood is a non-participant in the Dubai proceedings. Thus, Al Masaood is outside the jurisdiction of the Dubai courts. Therefore, the evidence Akhmedova is seeking would not likely be available without invoking § 1782's assistance. *See Intel Corp.*, 542 U.S. at 264. Next, the Court considers the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance. Akhmedova asserts that according to her Dubai counsel, Mr. Tricoli, "there is no rule of UAE/ Dubai evidence that would prevent discovery obtained under 28 U.S.C. § 1782 being used in the Dubai proceedings." Tricoli Decl. ¶48. And the Court also does not find any evidence that Akhmedova is trying to conceal an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. Lastly, when considering whether the request is unduly intrusive or burdensome, the Court finds it narrowly tailored to requesting specific documents related to key information relevant to the Dubai actions located

in this District including documentation in the possession or control of Al Masaood that has not been made available to Akhmedova and is not available in Dubai. Akhmedova asserts she seeks production of the requested documents related to Farkhad's efforts to fraudulently obtain UAE resident status. Therefore, the documents requested are relevant and not unduly intrusive or burdensome. Accordingly, it is hereby

ORDERED:

1. Akhmedova's Ex Parte Application for Discovery Pursuant to 28 U.S.C. § 1782 (doc. 1) is GRANTED.

2. Akhmedova is authorized to issue and serve subpoenas on Humaid Abdulla Mohammed al Masaood al Muhairbi ("Al Masaood"), for the production of the following documents:

> a) All documents in the possession or control of Al Masaood concerning efforts made by himself personally or using Humasen Energy to obtain a United Arab Emirates (UAE) residency visa for Farkhad Akhmedov ("Farkhad") from 2014 to present, including but not limited to:
>
> i) any communications between Al Masaood, Humasen Energy or their representatives, Farkhad Akhmedov or his agents or representatives, or any third parties;
>
> ii) any communications between Al Masaood, Humasen Energy

or their representatives and the UAE General Directorate of Residency and Foreigners Affairs or the Federal Authority for Identity and Citizenship regarding Farkhad Akhmedov;

b) All documents and communications related to "Project Maldives";

c) All documents in the possession or control of Al Masaood concerning funds received from Y.Co NY Inc., the yacht manager for Farkhad's yacht the M/Y LUNA, including but not limited to those received in 2018;

3. Akhmedova is authorized to serve a subpoena on Al Masaood compelling his appearance for a deposition within the District at a time mutually agreed between Akhmedova, Al Masaood and their respective counsel.

4. Al Masaood shall produce the documents requested in their respective subpoenas on an expedited basis, within fourteen (14) days of service of the subpoena.

5. Al Masaood shall preserve documents and evidence, electronic or otherwise, in his possession, custody or control that contain information potentially relevant to the subject matter of Akhmedova's document request.

6. The Court shall retain jurisdiction over the matter for the purpose of enforcement and assessing any supplemental request for discovery assistance that may be requested by Akhmedova.

7. A copy of this Order shall be served with the subpoenas served on Al Masaood.

ORDERED at Tampa, Florida on August 27, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE